UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 4:06-cr-28 |
| v. | ) | Judge Mattice |
| | ) | |
| HERBERT A. CANTRELL | ) | |

## **MEMORANDUM AND ORDER**

Following a two-day jury trial held on April 3-4, 2007, Defendant was convicted on both counts of the two count Superseding Indictment. Count One of the Superseding Indictment charged Mail Fraud, in violation of U.S.C. § 1341. Count Two of the Superseding Indictment charged violation of the so-called Travel Act, 18 U.S.C. § 1952. Both counts alleged that Defendant Cantrell arranged to have his home burned in order to recover insurance proceeds, thereby committing arson.

Before the Court is the oral motion for judgment of acquittal of Defendant Herbert Anthony Cantrell. This motion represents Defendant Cantrell's renewal of his original motion for a judgment of acquittal which was made at the close of the Government's proof. On that occasion, the Court denied the Defendant's motion as to Count One of the Superseding Indictment but reserved ruling on Count Two in accordance with Federal Rule of Criminal Procedure 29(b).

In the instant motion, Defendant Cantrell contends that the Government failed to carry its burden of proof on Count Two of the Indictment. More specifically, Defendant Cantrell contends that his actions, as revealed by the evidence presented at trial, did not

constitute a violation of the Travel Act. For the reasons set forth below, Defendant Cantrell's motion for a judgment of acquittal is **DENIED**,

I.   **STANDARD OF REVIEW**

Rule 29 of the Federal Rules of Criminal Procedure provides, in pertinent part, as follows:

> (a)   **Before Submission to the Jury.** After the government closes its evidence or after the close of all evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. . . .
>
> (b)   **Reserving Decision.** The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. . . .
>
> (c)   **After Jury Verdict or Discharge.** . . . A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later. . . .

"A Rule 29 motion is a challenge to the sufficiency of the evidence." *United States v. Graham*, 125 F. App'x 624, 628 (6th Cir. 2005); *United States v. Clay*, 346 F.3d 173, 176 (6th Cir. 2003). Accordingly, in a jury trial, the appropriate standard for determining whether to grant such a motion is as follows: "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Graham*, 125 F. App'x at 628; *Clay*, 346 F.3d at 176. Such a standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts

to ultimate facts." *Jackson*, 443 U.S. at 319. Thus, under such a standard, the court is not to "weigh the evidence, assess the credibility of the witnesses, or substitute [the court's] judgment for that of the jury." *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001) (internal quotation marks and citation omitted).

The court may properly conclude a conviction is supported by sufficient evidence even though the government has presented only circumstantial evidence, and even though such evidence does not exclude every reasonable hypothesis except that of guilt. *Clay*, 346 F.3d at 176; *Salgado*, 250 F.3d at 446.

In a jury trial, the standard for considering a motion for judgment of acquittal is the same regardless of whether the motion is made at the close of the government's evidence, at the close of all evidence, or after the jury returns a guilty verdict or is discharged. 2A Charles Alan Wright, *Federal Practice & Procedure* § 467 (3d ed. 2000). When the motion is made at the close of the government's case, the standard explained above essentially requires the court to determine whether the prosecution has established a *prima facie* case through the presentation of its own evidence. *Id.* § 462. When the motion is made after the jury has returned a guilty verdict, the standard explained above preserves the jury's role as weigher of the evidence "through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." *Jackson*, 443 U.S. at 319.

## II. FACTS

As Defendant Cantrell has clarified in his Brief of Defendant in Support of Motion to Supplement Rule 29 Motion [Court Doc. No. 37] at issue is whether an interstate

telephone call which the Defendant placed to GEICO Insurance Company had a sufficient nexus to the arson to implicate the so-called "Travel Act," 18 U.S.C. § 1952.

The evidence which the Government presented at trial regarding the subject telephone conversation is contained in two stipulations which the parties entered into and submitted to the Court during the trial. Those stipulations state:

> 1. On or about August 17, 2006, the Defendant, HERBERT A. CANTRELL, made an interstate phone call from Tennessee to GEICO Insurance Company, at a location outside the State of Tennessee.
>
> 2. On or about August 17, 2006, Standard Guaranty Insurance Company (SGIC), based upon a referral from GEICO, issued an insurance policy to cover the Defendants' residence at 211 Walnut Street, Deckerd, Tennessee, 37324.

Stipulations, Government Trial Exhibit No. 4. The Defendant also testified at trial regarding the subject telephone conversation. [Transcript, trial testimony of Herbert Cantrell, Court Doc. No. 36, pp. 3-5]. The jury's guilty verdict on Count Two of the Indictment indicates the jury found a sufficient nexus between the Defendant's phone call and the arson to convict him under the Travel Act.

## III. ANALYSIS

The so-called "Travel Act," 18 U.S.C. § 1952 provides, in pertinent part:

> (a) Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to–
>
>     (1) distribute the proceeds of any unlawful activity; or
>
>     (2) commit any crime of violence to further any unlawful activity; or

> > (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, and thereafter performs or attempts to perform–
>
> > > (A) an act describe in paragraph (1) or (3) shall be fined under this title, imprisoned not more than 5 years, or both; or
>
> > > (B) an act described in paragraph (2) shall be fined under this title, imprisoned for not more than 20 years, or both, and if death results shall be imprisoned for any term of years or for life.
>
> > (b) As used in this section (i) "unlawful activity" means
>
> > > (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States...

It appears to be well-settled (and indeed, not disputed by the Defendant here) that a telephone call, particularly an interstate call, satisfies the "facility in interstate commerce" element of a Travel Act charge. *See, e.g. United States v. Graham*, 856 F.2d 756 (6th Cir. 1988), *cert. denied*, 489 U.S. 1022 (1989). Here, however, Defendant Cantrell argues that the relationship of the admitted telephone call to the underlying "unlawful activity" of arson is so attenuated and remote so as to render the Travel Act inapplicable to his conduct. In support of this contention, Defendant seems to rely principally on the decision of the United States Supreme Court in *Rewis v United States*, 91 S. Ct. 1056 (1971) and those of the

United States Court of Appeals in *United States v O'Dell*, 671, F.2d 191 (6th Cir. 1982) and *United States v Prince*, 529 F.2d 1108 (6th Cir. 1976).

Having examined those cases, the Court cannot discern from the fact patterns addressed therein any particular resemblance to the facts in the case at bar and cannot, therefore, discern a general rule of law which may be applied to the instant case. The Court does, however, find instructive certain statements contained in the *Odell* and *Prince* cases.

The *Odell* court stated:

> The determination whether federal jurisdiction under the Travel Act extends to cover given criminal activity depends on the facts of each individual case rather than a broad rule of law. If the nexus between a defendant's criminal activity and interstate travel or commerce becomes too tenuous or indirect, an application of the Act to that activity would be beyond the intent of Congress.

761 F.2d at 193. In *Prince*, the Court stated:

> The Travel Act does not make it a federal offense to engage in prostitution, an activity which is illegal under State law. It provides an additional string to the law enforcement bow, however, by providing that '(w)hoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce... with intent ... ' to engage in enumerated types of unlawful activity including prostitution maybe punished thereunder.

529 F.2d at 1111-12.

Viewing the facts of the instant case against the background provided by these statements, it becomes clear that a jury could have reasonably inferred from the evidence presented at Defendant Cantrell's trial that the telephone call which he placed to GEICO Insurance Company on or about August 17, 2006 was an integral part of the arson which

the jury must necessarily have found that he committed. The crime of arson is defined in Tennessee as:

> (a) A person commits an offense who knowingly damages any structure by means of a fire or explosion:
>
> (1) Without the consent of all persons who have a possessory, proprietary or security interest therein; or
>
> (2) With intent to destroy or damage any structure to collect insurance for the damage or destruction or for any unlawful purpose.

TENN. CODE ANN. § 39-14-301 (1997). Thus, the intent to collect insurance for the damage caused by a fire or explosion is an element of the crime of arson. The Government's theory of the case at trial reflected Tennessee law in that the Government argued that Defendant Cantrell committed the subject arson in order to collect on the insurance policy which he procured through the admitted interstate telephone call to GEICO Insurance Company. Under these circumstances, it cannot reasonably be argued that the connection between the telephone call and the arson of which Defendant must necessarily have been found to have committed in order to sustain the jury's verdict is too tenuous or remote to support a conviction under the Travel Act. Accordingly, a reasonable juror would be more than justified in drawing the factual inference connecting the telephone call to the arson in the manner described in the language of the Travel Act, and in finding that the Government had carried its burden of proving the Travel Act charge beyond a reasonable doubt.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant Herbert Anthony Cantrell's instant motion for a judgment on acquittal pursuant to Federal Rule of Criminal Procedure 29 is **DENIED.**

SO ORDERED this 28th day of November, 2007.

        */s/Harry S. Mattice, Jr.*
        HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE